PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* GABRIEL HERRERA, Defendant and Appellant.

No. 4354. Argued March 10, 1931.—Decided March 27, 1931.

*A. Reyes Delgado* for appellant. *R. A. Gómez* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The complaint in this case charged:

"I, Rafael B. Díaz, District Chief of Police, a resident of Arecibo, P. R., Gonzalo Marin St. No. 38, of full age, charge Gabriel Herrera with a violation of section 433 of the Penal Code of Puerto Rico committed as follows: That on the 19th of August, 1930, and in the place called Jareales of the ward of Cambalache, Arecibo, within the judicial district of that name, the aforesaid accused Gabriel Herrera, having found three Spanish gold coins, of one fourth of a doblon denomination each, worth $10, then and there, unlawfully, wilfully and maliciously, did not make any effort to restore them to their lawful owner, nor did he deliver them to the proper authorities, appropriating to himself the lost property, and later delivering the coins to Manuel Reyes to be cashed, all of which was done without making reasonable and just efforts to find the lawful owner and restore the property to him, namely, to José Matienzo, who had been despoiled thereof by a burglary committed in the latter's house a few days before the property was found by the accused. The aforesaid coins were found in the possession of Manuel Ríos Reyes and are placed at the disposal of this Hon. Court as evidence in the case."

Thus the gravamen of the offense, as pointed out by the appellant, was that defendant found three Spanish coins, valued at $10 that had been burglarized from José Matienzo; that defendant made no effort to find the true owner or to turn over the money to the authorities; that he converted the money to his own use.

Section 622 of the Civil Code makes it the duty of a man finding personal property to return it to its former owner or in default thereof to the mayor of the town.

Section 433 of the Penal Code is as follows:

"One who finds lost property, under cirumstances which give him knowledge of or means of inquiry as to the true owner, and who appropriates such property to his own use, or to the use of another person not entitled thereto, without first making reasonable and just efforts to find the owner and restore the property to him, is guilty of larceny, and shall be punished accordingly."

50

Under section 622 of the Civil Code, *supra,* the obligation of the finder of personal property is to do certain things therein specified. The duty is a very general one.

The duty, however, that arises under the Penal Code is different. A person there is only guilty of an offense if he fails to return property under circumstances that give him knowledge or means of inquiry as to the true owner. If these circumstances fail to exist there is no crime. This is the trend of all the authorities cited both by the appellant and the *Fiscal,* who likewise suggests a reversal. 17 R.C.L. 38, 39; *Com.* v. *Titus,* 17 Am. Rep. 138 and note; *Bailey* v. *State,* 21 Am. Rep. 182; *Griggs* v. *State,* 29 Am. Rep. 762; *Reed* v. *State,* 34 Am. Rep. 732.

The judgment should be reversed.